**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**AMY FINLEY O/B/O HERSELF AND
W.F., a minor child**                                                                                    **PLAINTIFF**

**V.**                            **NO. 4:06CV01576 GTE/JTR**

**MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration**                                                                              **DEFENDANT**

## MEMORANDUM OPINION AND CERTIFICATION ORDER

### I. Background

Plaintiff, Amy Finley, has appealed the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for "mother's insurance benefits" under 42 U.S.C. § 402(g) and her claim on behalf of her minor child, W.F., for "child's insurance benefits" under 42 U.S.C. § 402(d).[1]  The parties have filed a Joint Motion requesting that the briefing schedule in this case be stayed, and that the Court certify a question of law to the Arkansas Supreme Court pursuant to Ark. R. Sup Ct. 6-8.  (Docket entry #14.)  Before addressing the merits of the Joint Motion, the Court will briefly review the relevant factual and procedural history of this case.

Plaintiff and Wade W. Finley, Jr. were married on October 6, 1990.  (Tr. 58.)  On April 2, 2001, the couple met with UAMS physicians to discuss fertility treatments (Tr. 75) and, on May 1,

---

[1] Child's insurance benefits are intended to replace support lost by a child when a parent wage-earner dies. *See Wolfe v. Sullivan*, 988 F.2d 1025, 1028 (10th Cir. 1993). Similarly, mother's insurance benefits were intended to allow a surviving spouse to elect not to work and care for children following the death of a wage-earner spouse. *See Califano v. Boles*, 443 U.S. 282, 288-89 (1979).

2001, executed a consent form outlining the terms of their participation in the UAMS In Vitro Fertilization and Embryo Transfer ("IVF/ET") Program.  (Tr. 78-96.)  In June of 2001, physicians produced ten embryos using Plaintiff's eggs and Wade W. Finley, Jr.'s sperm.  (Tr. 75.)  On July 2, 2001, two embryos were implanted into Plaintiff's uterus, while four were frozen for preservation.[2]  Plaintiff later had a miscarriage of both of the implanted embryos. (Tr. 75.)

On July 19, 2001, Wade W. Finley, Jr., died in an accidental electrocution while domiciled in Arkansas and did not leave a will.  (Tr. 58.)  On June 26, 2002, Plaintiff had two of the previously frozen embryos thawed and transferred into her uterus, resulting in a single pregnancy.  (Tr. 75.)  On February 14, 2003, Plaintiff obtained an Order from the Lonoke County Circuit Court in *In re Baby Finley*, Case No. DR2003-82, which provided in pertinent part that:

> [U]pon delivery of the child, borne by the [Plaintiff] now pregnant, that the State Registrar of the Arkansas Department of Health, Division of Vital Records, shall enter and state upon the certificate of birth that Wade W. Finley, Jr., now deceased, is the father of [W.F.]; [a]nd that, thereafter, all State and Federal Agencies, of the United States of America, shall uphold the findings of this Court's conclusion of paternity - in [Plaintiff] the mother and Wade W. Finley, Jr. the father - for any and all lawful purposes; and, that [W.F.] is the legitimate child of [Plaintiff] and Wade W. Finley, Jr. for any and all lawful purposes.

(Tr. 73.)

W.F. was born on March 4, 2003.  (Tr. 30.)  On April 11, 2003, Plaintiff filed her claim for mother's insurance benefits and W.F.'s claim for child's insurance benefits, based on the earnings record of Wade W. Finley, Jr.  (Tr. 23.)  Although the claims were denied at the initial and reconsideration levels, the Administrative Law Judge ("ALJ") issued a decision on June 16, 2006, which awarded child's and mother's insurance benefits.  (Tr. 17-20.)  On December 14, 2006, the

---

[2]The remaining four embryos were not preserved.

Appeals Council reversed the ALJ's decision on the ground that Plaintiff's claims were without merit. (Tr. 5-13.)

On October 13, 2006, Plaintiff filed her Complaint appealing the final decision of the Commissioner to this Court. (Docket entry #1.) On May 24, 2007, the parties filed their Joint Motion To Certify Question of Law to the Arkansas Supreme Court and to Stay Briefing. (Docket entry #14.) For the reasons discussed below, the Court, pursuant to Rule 6-8 of the Rules of the Arkansas Supreme Court, will grant the Joint Motion because this case presents an unresolved question of Arkansas law which is likely to be determinative of the outcome in this action.

## II. Discussion

Under the Social Security Act, a child is entitled to child's insurance benefits if he is the child of an individual who dies while insured, if the child was dependent upon the insured at the time of the insured's death. *See* 42 U.S.C. § 402(d).[3] "Child" means "the child or legally adopted child of

---

[3]Section 402(d), provides in pertinent part, as follows:
(1) Every child (as defined in section 416(e) of this title) of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child--
(A) has filed application for child's insurance benefits,
(B) at the time such application was filed was unmarried and (i) either had not attained the age of 18 or was a full-time elementary or secondary school student and had not attained the age of 19, or (ii) is under a disability (as defined in section 423(d) of this title) which began before he attained the age of 22, and
(C) was dependent upon such individual--
(i) if such individual is living, at the time such application was filed,
(ii) if such individual has died, at the time of such death, or
(iii) if such individual had a period of disability which continued until he became entitled to old-age or disability insurance benefits, or (if he has died) until the month of his death, at the beginning of such period of disability or at the time he became entitled to such benefits,
shall be entitled to a child's insurance benefit. ...

an individual[.]" 42 U.S.C. § 416(e).  In determining whether a claimant is the "child" of a deceased insured, the Commissioner is instructed to "apply such law as would be applied in determining the devolution of intestate personal property . . . by the courts of the State in which [the insured] was domiciled at the time of his death[.]" 42 U.S.C. § 416(h)(2)(A).[4]  Social Security regulations provide further guidance on determining "child" status, including that a claimant be the insured's "natural child," meaning that the claimant "could inherit the insured's personal property as his or her natural child under State inheritance laws[.]" *See* 20 C.F.R. §§ 404.354 and 404.355(a)(1).  In deciding whether the claimant has "inheritance rights as the natural child of the insured[,]" the Commissioner uses "the law on inheritance rights that the State courts would use to decide whether you could inherit a child's share of the insured's personal property if the insured were to die without leaving a will." *See* 20 C.F.R. § 404.355(b)(1).

During the administrative proceedings in this case, Plaintiff claimed that there were no Arkansas statutes specifically addressing the inheritance rights of a child conceived through in vitro fertilization, but that, pursuant to Ark. Code Ann. § 28-9-209(c),[5] W.F. was "conceived" as a "zygote" prior to his father's death, while his parents were married.  Thus, she argued that W.F. had

---

[4] If an applicant does not qualify as a "child" under 42 U.S.C. § 416(h)(2)(A), there are three other means to establish "child" status. *See* 42 U.S.C. § 416(h)(2)(B) (claimant is "child" if insured and other parent went through marriage ceremony that would have been valid but for certain legal impediments); 42 U.S.C. § 416(h)(3)(C)(i) (claimant is "child" if insured had acknowledged paternity in writing, had been decreed by a court to be the parent, or had been ordered to pay child support); 42 U.S.C. § 416(h)(3)(C)(ii) (claimant is "child" if there is satisfactory evidence that insured was applicant's parent and insured was living with or supporting the claimant at the time of death).

[5] This statute provides that "[a]ny child conceived following artificial insemination of a married woman with the consent of her husband shall be treated as their child for all purposes of intestate succession. Consent of the husband is presumed unless the contrary is shown by clear and convincing evidence."

inheritance rights under that statute.  The Commissioner acknowledged the lack of a "clear definition" of "conception" under Arkansas state law, but looked to "the generally accepted definition of the term in the medical community" and concluded that "conception" occurred when "the embryo was implanted in [Plaintiff's] uterus after the wage earner died." (Tr. 11.)  The Commissioner also rejected Plaintiff's reliance on both Ark. Code Ann. § 11-9-507, a worker's compensation statute which does not "govern inheritance issues," and the Lonoke Circuit Court Order, which was "not consistent with the law as enunciated by the highest court in the State of Arkansas." (Tr. 10-11.)

According to the Commissioner's findings: (1) W.F. was the biological child of Wade W. Finley, Jr., who was not married to Plaintiff at the time that W.F. was conceived or born (Tr. 12) ; and (2) W.F. did not have "inheritance rights in [Wade W. Finley, Jr.'s] estate" and thus did "not have status as the child of the wage earner pursuant to [42 U.S.C. § 416(h)(2)(A)]." (Tr. 12.) Because Plaintiff's claim for "mother's insurance benefits" was contingent on having "an entitled child of the wage earner in her care," the Commissioner found that this claim also lacked merit.  (Tr. 12.)

In the parties' Joint Motion, they agree that "[t]he determinative issue presented in this action is whether [W.F.] is entitled to inherit from [Wade W. Finley, Jr.] under Arkansas intestacy law." (Docket entry #14 at ¶ 3.)  They also agree that "there is no controlling Arkansas precedent on the determinative issue that is directly on point." Thus, they requested that the Court certify the question of "whether a child, who was created through IVF during his parents' marriage, but implanted into the mother's uterus after the father's death, can inherit from the father under Arkansas intestacy law as a surviving child." (Docket entry #14 at 4.)

5

The Court agrees that it is presented with an uncertain question of Arkansas law for which there is no controlling precedent from the Arkansas Supreme Court[6] and that the resolution of this question by the Arkansas Supreme Court should be determinative of the pending case in the Eastern District of Arkansas.  Therefore, pursuant to Rule 6-8 of the Rules of the Arkansas Supreme Court, this Court certifies the following question of law to the Arkansas Supreme Court:

> Does a child, who was created as an embryo through IVF during his parents' marriage, but implanted into his mother's womb after the death of his father, inherit from the father under Arkansas intestacy law as a surviving child?

Of course, the Arkansas Supreme Court may reformulate this question, if it deems it necessary, in order to fairly capture the issues raised on appeal.

The attorneys of record in the case pending before the Court are as follows:

Kenneth E. Buckner
Post Office Box 1654
Pine Bluff, AR 71613-1654
(870) 536-4412
*Attorney for Plaintiff*

Julia Denegre
Social Security Administration - Dallas
1301 Young Street
Suite 430
Dallas, TX 75202-5433
214-767-4060
julia.denegre@ssa.gov

Stacey Elise McCord
U. S. Attorney's Office - Little Rock
Post Office Box 1229
Little Rock, AR 72203-1229
(501) 340-2630
stacey.mccord@usdoj.gov
*Attorneys for Defendant*

---

[6]While the Arkansas Supreme Court has not ruled on this issue, the Court notes that several other courts have addressed similar issues.  *See, e.g.*, *Gillett-Netting v. Barnhart*, 371 F.3d 593 (9th Cir. 2004); *Stephen v. Commissioner of Social Security*, 386 F. Supp. 2d 1257 (M.D. Fla. 2005); *Woodward v. Commissioner of Social Security*, 435 Mass. 536, 760 N.E.2d 257 (2002); *Matter of the Estate of Kolacy*, 332 N.J. Super. 593, 753 A.2d 1257 (2000).

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. The parties' Joint Motion to Certify Question of Law to the Arkansas Supreme Court and To Stay Briefing (docket entry #14) is GRANTED; and

2. The Clerk of the Court is directed to forward a copy of this Order, under its official seal, to the Clerk of the Arkansas Supreme Court.

DATED this 13th day of June, 2007.

        /s/Garnett Thomas Eisele
     UNITED STATES DISTRICT JUDGE